787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ELEANOR LITTLE, Plaintiff-Appellant,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 85-5368
 United States Court of Appeals, Sixth Circuit.
 3/21/86
 
 REVERSED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: ENGEL, MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Eleanor Little appeals from the district court's order affirming the Secretary's denial of her claim for widow's benefits under the Social Security Act, 42 U.S.C. Sec. 402. Ms. Little claims that the Secretary's decision is not supported by substantial evidence. The district court granted the Secretary's motion for summary judgment. We now reverse.
 
 
 2
 The claim for benefits was filed on June 23, 1982. Medical evidence presented before the Administrative Law Judge (ALJ) indicated that Ms. Little had a history of back problems, including prior surgery. She was diagnosed as suffering from degenerative disc disease, lumbo sacral strain, and obesity. There were also indications of colitis and anxiety. Ms. Little's major problem, however, was a knee condition, diagnosed as chondromalacia. The ALJ found that this condition was severe enough to be medically equivalent to the physical impairments appearing in the Listings of Impairments, Sec. 1.03, of the act. This determination amounts to a finding that plaintiff suffered from a severe impairment. However, the ALJ found that Little was not entitled to disability benefits because corrective surgery would likely correct the condition before twelve months had passed.[1]
 
 
 3
 Judicial review of the Secretary's decision is limited to a determination whether the findings of fact made by the Secretary are supported by substantial evidence and whether the Secretary employed proper legal criteria in reaching her conclusion. Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Gibson v. Secretary, 638 F.2d 653, 654 (6th Cir. 1984). Substantiality of the evidence must be based on the record taken as whole. Allen v. Calafano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 4
 Here, the ALJ made an initial finding that Little had a severe impairment. Having made that finding, the Secretary cannot challenge it in this proceeding. Garner v. Heckler, 745 F.2d 383, 389 (6th Cir. 1984). The question before this Court is whether the ALJ and the district court properly found that the impairment would not persist for twelve months. The ALJ's conclusion that it would not is based on the finding that the condition was correctible with surgery. We think the medical evidence to support that finding is inconclusive.
 
 
 5
 Several medical evaluations, including the reports of two orthopedic surgeons, were made part of the record. Only Dr. Friesen suggested surgery. On January 11, 1983, he stated:
 
 
 6
 I have advised that surgery may be indicated with arthroscopic technique to perform chondroplasty of the undersurface of the patella if her symptoms persist.
 
 On February 8, 1983, Dr. Freisen wrote:
 
 7
 I am continuing her Tolectin medication at this time but will sc edule arthroscopic evaluation for chondroplasty of the patella. She is to be scheduled in March. X-rays demonstrate loss of calcification in her meniscus. She should probably have some further X-rays taken of a later date to rule out pseudogout.
 
 
 8
 At a later examination, Dr. Wheeler, another orthopedic surgeon, indicated possible pseudogout as the diagnosis. On October 26, 1983, he wrote:
 
 
 9
 Her examination revealed bilateral patellofemoral crepitation. Marked tenderness at the patella tendon originate the inferior pole of the patella and pain on the posterior surface of her kneecap. Not much fluid.
 
 
 10
 Her X-rays showed calcification of both medial and lateral menisci and it was felt that she possibly had pseudogout.
 
 On December 5, 1983, Dr. Wheeler wrote:
 
 11
 I think because of her multiplicity of her joints, she should be seen and evaluated and probably treated by Dr. Ron Saykaly, a rheumatologist of this city.
 
 
 12
 Dr. Wheeler made no recommendation for surgery.
 
 
 13
 There is no substantial evidence in the record to support the ALJ's conclusion that Ms. Little's condition is correctible by surgery. Dr. Freisen did not indicate the likelihood of success, nor did he state whether surgery was indicated if Little's condition was in fact pseudogout. Dr. Wheeler's report does not mention possible surgery, but recommends further consultation with a rheumatologist.
 
 
 14
 We conclude that the record does not contain substantial evidence to support the Secretary's decision.
 
 
 15
 We remand to the district court for entry of an order remanding to the Secretary to receive further evidence on the question of whether surgery would correct plaintiff's impairment, whether plaintiff has refused to undergo such surgery, and, if so, whether such refusal is reasonable. The record also indicates that plaintiff's excessive weight may be an important factor contributing to her knee difficulty. It would be appropriate, we believe, for a further inquiry to be made and a finding reached concerning whether plaintiff is capable of correcting her excessive weight problem and whether this issue has any bearing on the correctability of the knee problem within twelve months.
 
 
 
 [1]
 In order to receive widow's benefits, the applicant must show that she has a disabling medical condition as defined in 42 U.S.C. Sec. 423; that her impairment is one of those set forth in the Listing of Impairments, Appendix I to subpart p, 20 C.F.R. Sec. 404.1598, or that it is the medical equivalent of a listed impairment; and that impairment is expected to last for at least twelve months. 20 C.F.R. Sec. 404.1526